IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARK ZAID

 v.        : Civil Action No. DKC 22-1602

DEPARTMENT OF HOMELAND SECURITY

**MEMORANDUM OPINION**

Plaintiff Mark Zaid brought this civil action under the Freedom of Information Act, 5 U.S.C. § 552, *et seq.*, and the Privacy Act, 5 U.S.C. § 552a, *et seq.*, seeking the production of records pursuant to a request he filed with Defendant Department of Homeland Security. Pending before the court is Plaintiff's Motion for Leave to File Complaint Using Counsel's Address in Violation of LCVR 102.2(a) (ECF No. 2). For the following reasons, the motion will be granted.

Plaintiff's motion asserts that including his home address in the Complaint as required by Local Rule 102.2(a) will create a risk to his safety and requests that his counsel's address be included instead. A Declaration by Plaintiff's counsel, attached to Plaintiff's motion ("the Declaration"), notes that Plaintiff is an attorney who has handled several high-profile cases, including cases involving "terrorist governments and war criminals" that may "target" him. More importantly, the Declaration asserts,

Plaintiff "served as co-counsel to the Intelligence Community Whistleblower whose complaint against President Donald Trump regarding his conversation with the President of Ukraine led to [President Trump's] first impeachment proceedings." Plaintiff received media attention for this representation, and as a result, he received "numerous harassing communications to include death threats." The Declaration cites several news articles about these death threats and adds that Plaintiff had "armed security for 24/7" for two months to protect himself from the threats.

Local Rule 102.2(a) requires a complaint to "contain the names and addresses of all parties and the county of residence of any Maryland party." Loc.R. 102.2(a) (D.Md. 2021). This requirement "serve[s] the public interest in knowing the names and identities of the parties in furtherance of openness of judicial proceedings." *CASA de Md., Inc. v. Trump*, No. 19-cv-2715-PWG, 2019 WL 8989594, at *1 (D.Md. Oct. 1, 2019). "[I]n exceptional circumstances, compelling concerns relating to personal privacy or confidentiality may warrant some degree of anonymity in judicial proceedings." *Id.* (quoting *Doe v. Pub. Citizen*, 749 F.3d 246, 273 (4th Cir. 2014)). The Fourth Circuit has recognized several factors that district courts should consider when weighing the need for open judicial proceedings against a litigant's concern for privacy, which include, but are not limited to:

> whether the justification asserted by the
> requesting party is merely to avoid the
> annoyance and criticism that may attend any
> litigation or is to preserve privacy in a
> matter of sensitive and highly personal
> nature; whether identification poses a risk of
> retaliatory physical or mental harm to the
> requesting party or even more critically, to
> innocent non-parties; the ages of the persons
> whose privacy interests are sought to be
> protected; whether the action is against a
> governmental or private party; and, relatedly,
> the risk of unfairness to the opposing party
> from allowing an action against it to proceed
> anonymously.

*James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993).

The above factors weigh in favor of granting Plaintiff's motion. While Plaintiff does not assert that the FOIA matter that is the subject of this case is of a "sensitive and highly personal nature," his concerns go beyond "merely [seeking] to avoid the annoyance and criticism that may attend any litigation." *Id.* More importantly, Plaintiff's concern that publicizing his address may pose a risk to his physical safety is serious and credible.

The fourth factor is less indisputable but still ultimately weighs in favor of allowing Plaintiff to omit his home address from the complaint. The action is against a governmental entity. On one hand, absent is the concern that "the mere filing of a lawsuit against a private party may cause the defendant reputational and economic harm" because "the government is not vulnerable to similar reputational harm." *Int'l Refugee Assistance Project v. Trump*, No. 17-cv-0361-TDC, 2017 WL 818255,

at *3 (D.Md. Mar. 1, 2017).  On the other hand, suits against the federal government can involve heightened public interest in the identity of a plaintiff.  *Id.*  However, the public will still know Plaintiff's full name, just not his home address, in which the public's interest is minimal. *See CASA de Md., Inc.*, 2019 WL 8989594, at *2.

There is no risk of unfairness to the opposing party in allowing Plaintiff to proceed without publicizing his home address and county of residence because, as the Declaration asserts, Defendant is "no doubt aware" of Plaintiff's residential address, and it is difficult to see any prejudice to Defendant that would arise from allowing Plaintiff to omit his address from the Complaint.

On balance, the factors support permitting Plaintiff to omit his home address from the Complaint and to use his counsel's address instead.  Plaintiff's motion for Leave to File Complaint Using Counsel's Address in Violation of LCVR 102.2(a) will be granted. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge