IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARK ZAID,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY,

    Defendant.

Case No. 8:22-cv-01602-DKC

## STATUS REPORT

Pursuant to the Court's Paperless Order dated February 26, 2024, ECF No. 41, Defendant and Plaintiff, by and through their respective counsel, submit the following status report:

1. Plaintiff Mark Zaid filed the above-captioned lawsuit against DHS on or about June 29, 2022, seeking to compel Immigration and Customs Enforcement ("ICE") and the United States Secret Service ("USSS") (collectively, the "Involved Agencies") to disclose records that Plaintiff requested under the Freedom of Information Act, 5 U.S.C. § 522 ("FOIA").  *See* ECF No. 1.

2. On July 5, 2023, the Court entered a Memorandum Opinion and Order, ECF Nos. 32 and 33, granting in part and denying in part Defendant's motion for summary judgment.  The Court entered summary judgment in favor of Defendant with respect to the adequacy of the search by USSS and as to the request for documents related to "hurtcore" addressed to ICE.  *See* ECF No. 33 at 2.  The Court denied summary judgment "with regard to the search by ICE for other categories of requested documents." *Id.*

3. On September 8, 2023, the Court held a telephone conference with the parties, during which Defendant anticipated that it would be able to review and produce responsive records

by November 17, 2023, and Plaintiff agreed to await the results of ICE's review of potentially responsive records to determine how to proceed. *See* ECF No. 35. On November 17, 2023 and December 29, 2023, ICE released responsive records to Plaintiff.

4. On January 23, 2024, the Court held a status call during which the parties agreed that ICE would provide a *Vaughn* index and declaration regarding the redactions and withholdings in ICE's November 17, 2023 and December 29, 2023 productions to Plaintiff. *See* ECF Nos. 38 and 40.

5. In preparing the *Vaughn* index, ICE determined that produced documents should have been withheld in their entirety under Exemption (b)(7)(A) and issued a clawback letter and an amended response letter on April 9, 2024 in lieu of a *Vaughn* index. Plaintiff issued a response on April 15, 2024, stating that Plaintiff would not take any further steps to disseminate or rely upon the records until the Court has adjudicated the matter, but that Plaintiff had already disseminated the records to third parties who would not agree to return or destroy the records. Defendant has requested that Plaintiff provide the identities of the persons or entities to whom the records were provided. In response Plaintiff stated that he is not required to provide the identities of the persons or entities to whom he provided the records.

6. On May 9, 2024, ICE produced to Plaintiff 36 responsive pages with partial withholdings and a *Vaughn* index of the withholdings for those 36 responsive pages. ICE withheld 893 pages in full, and on May 9, 2024, Defendant submitted to the Court for *in camera* review a *Vaughn* index and declaration regarding the withholdings.

7. Counsel for Defendant provided this status report to counsel for Plaintiff for review and consent prior to filing.

Date: May 15, 2024

Respectfully submitted,

Erek L. Barron
United States Attorney

_____/s/_____
Alicia L. Shelton (Bar No. 11538)
Assistant United States Attorney
36 South Charles Street, 4th Floor
Baltimore, Maryland 21201
(410) 209-4836 (direct)
(410) 962-2310 (fax)
alicia.shelton2@usdoj.gov
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I certify that on this 15th day of May 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to all counsel.

_____/s/_____
Alicia L. Shelton
Assistant United States Attorney