IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MARK ZAID,<br><br>　　Plaintiff,<br><br>　v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>　　Defendant. | Case No. 8:22-cv-01602-DKC |

**DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S COMPLIANCE WITH
DEFENDANT'S CLAWBACK DEMAND**

Defendant, the United States Department of Homeland Security, through its undersigned counsel, Erek L. Barron, United States Attorney for the District of Maryland, and Alicia L. Shelton, Assistant United States Attorney for that district, moves to compel Plaintiff's compliance with Defendant's clawback demand and in support thereof states:

　　1.　　Plaintiff Mark Zaid filed the above-captioned lawsuit against Defendant on or about June 29, 2022, seeking to compel Immigration and Customs Enforcement ("ICE") and the United States Secret Service ("USSS") (collectively, the "Involved Agencies") to disclose records under the Freedom of Information Act, 5 U.S.C. § 522 ("FOIA"). *See* ECF No. 1.

　　2.　　On July 5, 2023, the Court entered a Memorandum Opinion and Order, ECF Nos. 32 and 33, granting in part and denying in part Defendant's initial motion for summary judgment. The Court entered summary judgment in favor of Defendant with respect to the adequacy of the search by USSS and as to the request for documents related to "hurtcore" addressed to ICE. *See* ECF No. 33 at 2. The Court denied summary judgment "with regard to the search by ICE for other

1

categories of requested documents." *Id.* On November 17, 2023 and December 29, 2023, ICE released responsive records to Plaintiff. *See* ECF No. 43 at 1-2.

3. On April 5, 2024, upon discovery that documents subject to withholding under FOIA Exemption 7(A) had been produced, ICE issued a clawback letter to Plaintiff noting that ICE had determined that many of the produced documents contained privileged information subject to withholding pursuant to FOIA Exemptions (b)(7)(A), and (b)(7)(F), in addition to FOIA Exemptions (b)(3), (b)(5), (b)(7)(C), and (b)(7)(E). *See* Letter to Bradley Moss Re: Inadvertent Disclosure of Privileged Records, dated April 5, 2024, attached hereto as **Exhibit A**. ICE requested that Plaintiff return, sequester or destroy the records, refrain from using or disclosing them, and provide a list of any disclosures that Plaintiff had made as to the information. *Id.*

4. On April 15, 2024, Plaintiff issued a response letter to Defendant stating that Plaintiff would take no further steps to disseminate or rely on upon the records, but that the third-parties to whom Plaintiff disseminated records would not comply. *See* ECF No. 50-1 at 3-4. In response, Defendant asked Plaintiff for the identities of the individuals and Parties to whom Plaintiff disseminated records so that Defendant could take further steps to retrieve the documents, to which Plaintiff refused absent a court order because. *See* ECF No. 50-2.

5. On May 9, 2024, ICE produced to Plaintiff 36 responsive pages with partial withholdings and a *Vaughn* index of the withholdings for those 36 responsive pages. ICE also submitted to the Court for *in camera* review, a *Vaughn* index and declaration regarding the 893 pages that were withheld in full and 36 pages that were produced with partial withholdings.

6. On October 21, 2024, Defendant moved for summary judgment as to ICE's search and production in accordance with the Court's Memorandum Opinion, ECF No. 32. *See* ECF No. 49. Plaintiff' Opposed Defendant's Motion as to discrete issues related to certain withholdings.

Specifically, Plaintiff challenged Defendant's withholding in full of certain records pursuant to Exemption 7(A), Defendant's withholdings of the names and identifying information of certain supervisory employees pursuant to Exemption 6 and 7(C) and Defendant's segregability analysis. *See* ECF No. 50 at 11-20. Plaintiff did not oppose Defendant's Motion with respect to withholdings pursuant to FOIA Exemptions 3, 5, 7(E) or 7(F). *See* ECF No. 50 at 7 n.2. Defendant's Motion for Summary Judgment, the Pineiro Declaration and the *Vaughn* Index attached thereto and the Supplemental Pineiro Declaration provided with Defendant's reply brief establish that the 893 documents that were clawed back should be properly withheld under Defendant's assertion of privilege. *See* ECF No. 49-1 at 20-23; ECF No. 49-2 at 14-17 and Attachment A; ECF No. 55-1 at 2-5. Plaintiff's Opposition also refused compliance with Defendant's clawback demand absent a court order. *See* ECF No. 50 a 19-20.

7. Under Federal Rule of Civil Procedure 26(b)(5)(B), upon receipt of a clawback demand for inadvertently produced privileged documents, Plaintiff is required to sequester or destroy the clawed back information, take reasonable steps to retrieve the information that it disseminated to third parties, and if Plaintiff challenges Defendant's assertion of privilege, Plaintiff must move to compel production of the documents:

> "[i]f information produced in discovery is subject to a claim of privilege or of protection as trial preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; ***must take reasonable steps to retrieve the information if the party disclosed it before being notified***; and may promptly present the information to the court under seal for a determination of the claim."

Fed. R. Civ. P. 26 (b)(5)(B) (emphasis added); *see* FRE 502(b); *see also Greater New York Taxi Ass'n v. City of New York*, No. 13-CV-3089(VSB)(RWL), 2018 WL 2316629, at *6 (S.D.N.Y.

May 8, 2018) (noting that upon being notified that documents that were inadvertently produced were privileged, Plaintiff should have complied with clawback demand).

8. The requirements for return of privileged documents inadvertently produced applies to documents produced in response to a FOIA request. *See, e.g., Equal Emp. Opportunity Comm'n v. Whiting-Turner Contracting Co.*, No. 3:21-CV-00753, 2022 WL 3221825, at *7 (M.D. Tenn. Aug. 9, 2022); *Pub. Citizen Health Research Grp. v. Food & Drug Admin.,* 953 F. Supp. 400, 404 (D.D.C. 1996).

9. Although Plaintiff has agreed to refrain from use of the clawed back records, Plaintiff has refused comply with his obligation to "take reasonable steps to retrieve the information [that Plaintiff] disclosed . . . before being notified." *See* Fed. R. Civ. P. 26 (b)(5)(B); FRE 502(b). First, even if Plaintiff challenges Defendant's assertion of privilege pursuant to Exemption 7(A), Plaintiff has not challenged Defendant's assertion of privilege pursuant to FOIA Exemptions 3, 5, 7(E) or 7(F). *See* ECF No. 50 at 7 n.2. Second, in any event, Plaintiff's challenge to Defendant's assertion of privilege does not obviate Plaintiff's obligation to comply with the clawback demand. *See* Fed. R. Civ. P. 26 (b)(5)(B) (providing that a party challenging assertion of privilege over inadvertently produced documents must comply with clawback and then assert challenge in court); FRE 502(b) (providing for clawback of inadvertently produced privileged documents); *Whiting-Turner Contracting Co.*, 2022 WL 3221825, at *7 (requiring return of documents included in FOIA production that were subject of a clawback request); *Am. Civil Liberties Union v. Dep't of Def*, No. 09-cv-8071, 2012 WL 13075284, at *5 (S.D.N.Y. Mar. 20, 2012) (ordering return of FOIA document inadvertently produced and prohibiting use, noting that because "Plaintiffs acquired the Document innocently does not change the fact that the Document is classified and Plaintiffs are not authorized to possess it").

WHEREFORE, Defendant respectfully requests that the Court enter an order requiring Plaintiff to fully comply with Defendant's clawback demand.

Date:  December 27, 2024        Respectfully submitted,

                                            Erek L. Barron
                                            United States Attorney

                                            */s/*
                                            Alicia L. Shelton (Bar No. 11538)
                                            Assistant United States Attorney
                                            36 South Charles Street, 4th Floor
                                            Baltimore, Maryland 21201
                                            (410) 209-4836 (direct)
                                            (410) 962-2310 (fax)
                                            alicia.shelton2@usdoj.gov

                                            *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I certify that on this 27th day of December, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to all counsel.

                                            */s/*
                                            Alicia L. Shelton
                                            Assistant United States Attorney