IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

:
MARK ZAID
:
v.                               :  Civil Action No. DKC 22-1602
:
DEPARTMENT OF HOMELAND SECURITY
:

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this Freedom of Information Act ("FOIA") case is the motion for summary judgment filed by Defendant Department of Homeland Security ("DHS").  (ECF No. 49).  The issues have been briefed, and the court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the following reasons, the motion for summary judgment will be granted.

**I. Background**

The relevant factual background in this case is set out in a prior opinion.[1]  (ECF No. 32 at 7-9).  Mark Zaid ("Plaintiff") submitted a FOIA request with several parts to the DHS ("Defendant") Privacy Office in March 2022.  (*Id.* at 7.)  In April

---

[1] This case was one of three civil actions related to substantially similar FOIA requests filed by Plaintiff, which are described in this court's earlier opinion.  (ECF No. 32 at 1.) The other two suits, designated as Consolidated Civil Action No. DKC 21-1130, were against the Department of Justice.  *See Zaid v. Dep't of Just.*, 96 F.4th 697 (4th Cir. 2024).  The only remaining active portion of the case proceeds against DHS.  (ECF No. 50 at 6, n.1.)

2022, DHS informed Plaintiff that his requests had been transferred to Immigration and Customs Enforcement ("ICE") and the U.S. Secret Service ("USSS") for processing and response.² (*Id*. At 8.)  Both USSS and ICE are component agencies of DHS.  (ECF No. 49-1 at 4). ICE asserted that the requests could not be processed as received; Plaintiff filed suit in response on June 29, 2022.  (ECF No. 32 at 8, 2).  Defendant moved for summary judgment, arguing in relevant part that Plaintiff's requests were unreasonable.  (*Id*. at 14.). In a July 5, 2023, opinion and order, this court agreed that one request was overly broad as written but denied summary judgment as to the four remaining requests.  (*Id*. at 15-17).

ICE searched its records and produced 929 pages of responsive documents to Plaintiff on November 17, 2023, and December 29, 2023. (ECF No. 49-1 at 11).  ICE notified Plaintiff that additional records, subject to court sealing orders, were withheld.  (*Id*.) About a month later, ICE personnel discovered that the records produced should have been withheld:

> ICE undertook the preparation of a *Vaughn* [i]ndex regarding the redactions and withholdings, and during the process, the HSI Special Agent assigned to handle most of the ongoing matters advised that most of the documents that had been produced should have been withheld because they are part of ongoing criminal investigations, and that other

---

² USSS notified Plaintiff in December 2022 that no responsive records were located. (ECF No. 32 at 9.)

2

>     documents needed further inquiry as to the
>     status. Pineiro Decl., ¶¶ 18, 41.

(ECF No. 49-1 at 12).[3] On April 5, 2024, the ICE FOIA office sent a clawback letter to Plaintiff advising him that the records contained privileged information.[4] (*Id.*) Following a second review, ICE determined that 36 pages were related to matters with final judgments, which meant they could be produced with redactions. (*Id.*) Those 36 pages were released to the Plaintiff with partial withholdings along with a *Vaughn* index. (*Id.* at 13.) The remaining 893 pages were withheld in full because ICE asserted that they were related to ongoing criminal investigations. (*Id.*).

## II. Standard of Review

### A. Summary Judgment

FOIA provides that, subject to certain exceptions, federal agencies, "upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with

---

[3] A *Vaughn* index is a list or chart that describes the documents an agency has withheld as subject to FOIA exemptions, named after the decision that first discussed using such an index. *See Rein v. U.S. Pat. & Trademark Off.,* 553 F.3d 353, 357 n.6 (4th Cir. 2009) (citing *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973)). A *Vaughn* index "must include sufficiently detailed information to enable a court to rule on whether the document falls within the asserted FOIA exemption." *Id.*

[4] DHS filed a separate motion seeking to compel the Plaintiff to comply with the clawback demand, which the parties briefed. (*See* ECF Nos. 56, 58, 64.) DHS withdrew the motion with this court's approval on January 28, 2025. (ECF No. 70).

published rules . . ., shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A). The agency must demonstrate a "good faith effort to conduct a search . . . using methods which can be reasonably expected to produce the information requested." *Manivannan v. Dep't of Energy, Nat'l Energy Tech. Lab.*, 843 F.App'x 481, 483 (4th Cir. 2021) (citation modified). FOIA claims are often resolved through motions for summary judgment. *See Wickwire Gavin P.C. v. U.S. Postal Serv.*, 356 F.3d 588, 591 (4th Cir. 2004).

A party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). In the earlier opinion in this case, this court described the analysis for summary judgment in the FOIA context:

> The moving party in a FOIA case-here, the agenc[y]-may make this showing using "reasonably detailed, nonconclusory affidavits and declarations submitted in good faith." *See Freeman v. U.S. Dep't of Just.*, 808 F.2d 834, 1986 WL 18310, at *2 (4th Cir. 1986) (unpublished table decision). Agency declarations are "accorded a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs., Inc. v. S.E.C.*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981)). Thus, the plaintiff's belief, without more, "that there are other

4

> documents he is entitled to . . . is inadequate to withstand a motion for summary judgment." *Heily v. U.S. Dep't of Commerce*, 69 F.App'x. 171, 174 (4th Cir. 2003). The plaintiff would need to "demonstrate a material issue by producing evidence, through affidavits or other appropriate means, contradicting the adequacy of the search or suggesting bad faith" in order to rebut the presumption of good faith. *Id.* at 173.

(ECF No. 32 at 10-11).

**III. Analysis**

Defendant has produced both a *Vaughn* index and a declaration from ICE FOIA Director Fernando Pineiro for *in camera* review (ECF No. 49-2 at ¶ 5), a public version of both documents as attachments to the motion for summary judgment (ECF No. 49-2), and a supplemental declaration from FOIA Director Pineiro attached to the reply to Plaintiff's summary judgment opposition. (ECF No. 63-1).[5] Defendant moved for summary judgment on the grounds that ICE completed a reasonable search and properly withheld information under the relevant exemptions. (ECF No. 49-1 at 5). Plaintiff does not dispute that ICE performed an adequate and

---

[5] Defendant filed a supplemental declaration in response to Plaintiff's opposition (ECF No. 55-1), as well as a corrected declaration about two weeks later (ECF No. 63-1). Plaintiff has not opposed this additional declaration. The defendant in this matter's related case also filed an unopposed supplemental declaration during briefing, which the Fourth Circuit referenced in their decision. *Zaid*, 96 F.4th at 702. The court will consider the supplemental declaration here as well.

5

reasonable search but opposed summary judgment on the exemptions. (ECF No. 50 at 7, n.2). Defendant also argued that it has satisfied any duty to segregate (ECF No. 49-1 at 31), which Plaintiff disputes. (ECF No. 50 at 18). Neither party argues that fulfilling the duty to segregate is a standalone ground for summary judgment. However, this court is required to make a finding of segregability to approve the application of a FOIA exemption. *See Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1116 (D.C. Cir. 2007).

### A. FOIA Exemptions

In enacting FOIA, Congress created "a policy of broad disclosure of Government documents in order to ensure an informed citizenry, vital to a functioning democratic society." *Fed. Bureau of Investigations v. Abramson*, 456 U.S. 615, 621 (1982) (citation modified). However, Congress also recognized the possible dangers of unchecked disclosure and enacted "nine exemptions. . . 'designed to safeguard various public interests against the harms that would arise from overbroad disclosure.'" *Zaid v. Dep't of Just.*, 96 F.4th 697, 704 (4th Cir. 2024) (quoting *Hanson v. U.S. Agency for Int'l Dev.*, 372 F.3d 286, 290 (4th Cir. 2004)).

Whether a particular FOIA exemption applies is a matter of law. *Hunton & Williams v. U.S. Dep't of Just.*, 590 F.3d 272, 275-276 (4th Cir. 2010). In the earlier opinion in this case, this

court discussed the analysis required for district courts reviewing the use of exemptions under FOIA:

> District courts are often called upon to determine whether government records "were properly withheld under a FOIA exemption provision." *Willard v. Internal Revenue Serv.*, 776 F.2d 100, 102 (4th Cir. 1985) (citing 5 U.S.C. § 552(a)(4)(B)). A reviewing court directs its inquiry at the "information requested and the exemptions claimed." *Bowers* [*v. DOJ*], 930 F.2d [350,] [] 357 [(4th Cir. 1991)]. "The agency refusing to release the information bears the burden of proving that its actions were correct," and the exemptions "are narrowly construed in favor of disclosure." *Willard*, 776 F.2d at 102. The agency can satisfy this burden by "describing the withheld material with reasonable specificity and explaining how it falls under one of the enumerated exemptions." *Hanson v. U.S. Agency for Int'l Dev.*, 372 F.3d 286, 290 (4th Cir. 2004).
>
> The reviewing court should give "substantial weight to the expertise of the agencies charged with determining what information the government may properly release." *Bowers*, 930 F.2d at 357. "If there is no reason to question the credibility of the experts and the plaintiff makes no showing in response to that of the government, a court should hesitate to substitute its judgment of the sensitivity of the information for that of the agency." *Id*. "The court is entitled to accept the credibility of the [agency's] affidavits, so long as it has no reason to question the good faith of the agency." *Id.*; *see also Havemann v. Astrue*, No. 10-cv-01498-ELH, 2012 WL 4378143, at *4 (D.Md. Sept. 24, 2012) ("No deference is owed to the agency's determination to withhold records[,] [but] affidavits submitted by an agency are entitled to 'a presumption of good faith.'"). Accordingly, summary judgment in favor of the

7

> government agency is appropriate where the agency's declarations "describe the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Am. Mgmt. Servs.*[*LLC v. Dep't of the Army*], 842 F.Supp.2d [859,] [] 866 (quoting *Mil. Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981)).

(ECF No. 32 at 24-25).

Defendant argues that the agency has properly asserted FOIA exemptions to justify holding back responsive documents in full or in part. Defendant first argues that exemption (7)(A) categorically applies to all 893 pages withheld in full. (ECF No. 49-1 at 23). Defendant also asserts protection under several different exemptions in the alternative (ECF No. 49 at 24-25, 28, 30.), but Plaintiff only challenges the invocation of exemptions 6 and 7(C). (ECF No. 50 at 7.)

**1.   Exemption 7(A)**

FOIA exemption 7(A) exempts from disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A). "Congress enacted exemption 7(A) because it 'recognized that law enforcement agencies have legitimate needs to keep certain records

8

confidential, lest the agencies be hindered in their investigations or placed at a disadvantage when it comes time to present their case.'" *Zaid,* 96 F.4th at 704 (quoting *Nat'l Lab. Rel. Bd. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 224, (1978)). While the agency bears the burden to establish that exemption 7(A) applies, 5 U.S.C. § 552(a)(4)(B), it need not make that showing on a document-by-document basis. "The Supreme Court has held that the exemption may be invoked on a categorical or 'generic' basis by grouping records into categories and explaining how each category would generally interfere with enforcement proceedings." *Zaid,* 96 F.4th at 704 (citing *Robbins Tire*, 437 U.S. at 223–24.) The enforcement proceedings must be "pending or reasonably anticipated" at the time of the court's decision, not only at the time of the initial FOIA request. *Citizens for Resp. & Ethics in Wash. v. U.S. Dep't of Just.*, 746 F.3d 1082, 1096-97 (D.C. Cir. 2014).[6] The government's motion "is to be measured by a standard of reasonableness, which takes into account the lack of certainty in attempting to predict harm while providing an objective test." *Zaid*, 96 F.4th at 704 (quoting *Spannaus v. Dep't of Just.*, 813 F.2d 1285, 1288 (4th Cir. 1987) (citation modified)).

---

[6] The courts in the United States Court of Appeals for the District of Columbia Circuit handle a significant portion of FOIA litigation; courts in this Circuit regularly rely upon rulings from those courts in handling FOIA litigation cases. (ECF No. 32 at 9, n.4).

Plaintiff disputes the categories provided by ICE and the explanation of how each category would interfere with enforcement proceedings. Plaintiff first argues that ICE's *Vaughn* index falls short of the "functional categories" necessary to claim exemption 7(A), because ICE has provided "types" of documents but not "categories." (ECF No. 50 at 13). In support, Plaintiff cites to the same decision from the Middle District of Florida that the United States Court of Appeals for the Fourth Circuit explained was not binding here, as well as two unreported cases from this district. (ECF No. 50 at 14-15); *see Zaid*, 96 F.4th at 706. Plaintiff's attempted distinction between "types" and "categories" is immaterial and overreads the phrase "functional categories." In its *Vaughn* index, ICE provided limited categories of documents, such as emails related to the same topic, and explained how the release of each could impact pending law enforcement investigations. (ECF No. 49-2 at 28-34). The supplemental declaration from FOIA Director Pineiro explicitly considers more functional categories, breaking up the documents into "(1) Investigative Strategy and Operational Plans, (2) Surveillance and Monitoring Records, and (3) Investigative Techniques and Procedures." (ECF No. 63-1 at ¶ 9). Each category is linked to the possible harm to future criminal investigations that could ensue from its disclosure. (*Id.* at 3-5). Defendant also asserted

10

that the underlying investigation remained ongoing when the supplemental declaration was drafted. (*Id*. at 7). The government has sufficiently described the materials withheld under exemption 7(A).

Second, Plaintiff argues ICE has not met its burden to "demonstrate that disclosure could reasonably be expected to interfere with enforcement proceedings that are pending or reasonably anticipated."[7] (ECF No. 50 at 11-12). To the contrary, the materials from ICE clearly explain how the withheld materials are connected to ongoing criminal enforcement actions:

> The law enforcement records at issue pertain to open, active, and ongoing criminal investigations. Specifically, the investigations involve child exploitation via tor networks and are conducted in cooperation with other federal, local and foreign law enforcement agencies. The specific case files pertaining to these investigations reveal the basis on how subjects are targeted and continue to be targeted, including de-anonymizing tor network accounts and, subsequently, account takeovers of the subjects' account post-conviction, as part of a larger operation in conjunction with these foreign and federal law enforcement agencies.

(ECF No. 49-2 at ¶ 51). ICE elaborates on the impact of disclosure on law enforcement proceedings in two public declarations and a *Vaughn* index, as well as in a more detailed declaration and *Vaughn*

---

[7] Plaintiff does not dispute that the records "were compiled for a law enforcement purpose." (ECF No. 50 at 11.)

11

index submitted for *in camera* review, totaling about 75 pages of support. The Fourth Circuit previously found "almost one hundred pages of declarations" to be "'substantially more than is required.'" *Zaid*, 96 F.4th at 705 (quoting *Bowers*, 930 F.2d at 353). Together, these materials provide a clear sense of how release of the documents could harm future criminal proceedings. For example, the category "Surveillance and Monitoring Records" was withheld because:

> Disclosing these documents could reveal the scope and targets of surveillance activities, the tools used to monitor suspects, and the rationale behind investigative decisions. . . . Moreover, disclosure of these documents could enable offenders to alter their behaviors to avoid detection, escalate harm to victims (children), and destroy critical evidence, undermining law enforcement efforts and endangering vulnerable individuals.

(ECF No. 63-1 at ¶ 15). This is a reasonable assertion, and Plaintiff has provided no evidence in rebuttal. Additionally, this court is cognizant of the special nature of child exploitation investigations and proceedings. In an earlier appeal of the related case, Plaintiff argued that the rationale for withholding information under exemption 7(A) was not sufficiently tied to specific prospective law enforcement proceedings. *Zaid,* 96 F.4th at 706. The Fourth Circuit found that Plaintiff's argument was unavailing in the context of child exploitation investigations:

12

index submitted for *in camera* review, totaling about 75 pages of support. The Fourth Circuit previously found "almost one hundred pages of declarations" to be "'substantially more than is required.'" *Zaid*, 96 F.4th at 705 (quoting *Bowers*, 930 F.2d at 353). Together, these materials provide a clear sense of how release of the documents could harm future criminal proceedings. For example, the category "Surveillance and Monitoring Records" was withheld because:

> Disclosing these documents could reveal the scope and targets of surveillance activities, the tools used to monitor suspects, and the rationale behind investigative decisions. . . . Moreover, disclosure of these documents could enable offenders to alter their behaviors to avoid detection, escalate harm to victims (children), and destroy critical evidence, undermining law enforcement efforts and endangering vulnerable individuals.

(ECF No. 63-1 at ¶ 15). This is a reasonable assertion, and Plaintiff has provided no evidence in rebuttal. Additionally, this court is cognizant of the special nature of child exploitation investigations and proceedings. In an earlier appeal of the related case, Plaintiff argued that the rationale for withholding information under exemption 7(A) was not sufficiently tied to specific prospective law enforcement proceedings. *Zaid,* 96 F.4th at 706. The Fourth Circuit found that Plaintiff's argument was unavailing in the context of child exploitation investigations:

> [T]his ignores the covert, online nature of child pornography offenses. [. . .] A prospective target that knows he is being monitored . . . could try to alter or conceal evidence of past use and could inform other users of the websites he frequented to do the same. In other words, the government cannot point to a prospective target without undermining its case against him and potentially others in his criminal network.

*Zaid*, 96 F.4th at 706. In this case, ICE has reasonably explained how providing additional information in response to Plaintiff's requests could endanger pending and future investigations of child pornography offenses.

Moreover, Plaintiff has not provided any reason to doubt the good faith of the government's declarations. Plaintiff asks rhetorical questions about how the agency could have provided him with more information, but provides "no reason to question the good faith of the agency." *Id.* at 705 (quoting *Am. Mgmt. Servs., LLC*, 703 F.3d at 733).

The information provided clearly demonstrates how the release of the documents would interfere with enforcement proceedings. Plaintiff has not provided any evidence that contradicts ICE's assessment of the records or points to bad faith in withholding them. Thus, contrary to Plaintiff's unsupported assertions, the descriptions in the *Vaughn* index and the declarations from FOIA Director Pineiro are sufficient to show ICE has properly invoked the categorical exemption of 7(A). Nonetheless, the court analyzes

the other disputed exemptions claimed by Defendant.  They are also sufficient.

### B.   Exemptions 6 and 7(C)

Exemptions 6 and 7(C) seek to protect the privacy interest of individuals.  "Exemption 6 permits a federal agency to withhold records where (i) the disputed records constitute 'personnel,' 'medical,' or 'similar files,' (ii) the disclosure of which would amount to a 'clearly unwarranted invasion of personal privacy.'" *Havemann*, 2012 WL 4378143, at *4 (citing 5 U.S.C. § 552(b)(6)). "The purpose of this exemption is 'to protect individuals from the injury and embarrassment that can result from the unnecessary disclosure of personal information.'"  *Id.*  "Exemption 7(C), by its terms, permits an agency to withhold a document only when revelation could reasonably be expected to constitute an unwarranted invasion of personal privacy." *U.S. Dep't of Just. v. Reps. Comm. for Freedom of the Press*, 489 U.S. 749, 762 (1989). Under both exemptions, the court must balance the public interest against the privacy interest to be protected.

> First, an agency must articulate a non-speculative privacy interest in the requested records. [. . .] Second, a court must verify the existence of a public interest in disclosure. [] The only relevant "public interest in disclosure" to be weighed . . . is the extent to which disclosure would serve the "core purpose of the FOIA," which is "contributing significantly to public understanding of the operations or activities

14

> of the government." [] Finally, a court must weigh the two interests, mindful that even a very slight privacy interest trumps an insubstantial public interest, and that a speculative privacy interest can never justify withholding, even in the absence of a powerful public interest.

*Havemann*, 2012 WL 4378143, at *5 (citation modified). "There is a presumption of legitimacy accorded to the Government's official conduct," and "clear evidence is usually required to displace it." *Nat'l Archives & Recs. Admin. v. Favish*, 541 U.S. 157, 174 (2004) (citing *Dep't of State v. Ray*, 502 U.S. 164, 178-79 (1991)). The privacy interests at issue in this case outweigh the public interest in disclosure.

The parties seem to be talking past each other with respect to the information withheld pursuant to these exemptions. Plaintiff challenges the invocation of exemptions 6 and 7(C) for withholding materials "in full." (ECF No. 50 at 15). Defendant, meanwhile, asserts that the information withheld pursuant to exemptions 6 and 7(C) was only "names and other identifying information of several categories of individuals, including ICE employees and third-parties." (ECF No. 55 at 8). According to the *Vaughn* index, no document was withheld in full solely based on those two exemptions. For example, a category of documents withheld in full notes:

> Please be advised that once all pending matters are resolved and FOIA Exemption 7(A)

15

> is no longer applicable, there may be other exemptions which could protect *certain information* from disclosure, such as FOIA Exemptions . . . 6, 7(C)[.]

(ECF No. 49-2 at 28) (emphasis added).  This language is in line with the statement from the Defendant – certain information, such as the personally identifiable information of individuals, may be withheld based on other exemptions if the entire document is not exempt from disclosure under exemption 7(A).  Plaintiff's challenge that Defendant is withholding entire documents based on exemptions 6 and 7(C) does not match the Defendant's actual representations.

Regardless, Defendant has demonstrated that the privacy interests of the individuals outweigh the public's interest in disclosure of the relevant personal information.  According to the supplemental declaration from FOIA Director Pineiro, disclosing the identities of the individuals in these documents

> [P]ose[s] substantial risks given the highly sensitive nature of this investigation and the broader law enforcement efforts to prevent child exploitation and child pornography. Criminal organizations involved in such illicit activities are known to have extensive resources and the capacity to target law enforcement personnel and other individuals involved in these investigations through harassment, threats, or retaliation. Protecting the privacy of these individuals is vital to preserving their safety and ensuring the effectiveness of ongoing and future investigations.

(ECF No. 63-1 at ¶ 22).  Plaintiff does not challenge the government's good faith in this assertion.  Additionally, Plaintiff provides no support in case law for the assertion that ICE employees at a GS-14 supervisory level or local equivalent have a lessened privacy interest.  (ECF No. 50 at 17-18).  This court previously declined to find that such a seniority limiter would be an effective way to address the issue.  (ECF No. 32 at 40).

### C.   Duty to Segregate

FOIA provides that "any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under the subsection setting forth the exemption."  *Stolt-Nielsen Transp. Grp. LTD. v. United States*, 534 F.3d 728, 733 (D.C. Cir. 2008) (citing 5 U.S.C. § 552(b)).  The focus of FOIA is "information, not documents," and therefore it is quite possible that "part of a document should be kept secret while part should be disclosed."  *Id.* at 734.  District courts are obliged to "make specific findings of segregability regarding the documents to be withheld" before approving the application of a FOIA exemption.  *Id*.  (citing *Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1116 (D.C. Cir. 2007)).

Defendant argues that the agency met the duty to segregate following a line-by-line review of all responsive documents.  (ECF

17

No. 49-1 at 32). Plaintiff counters with precedent from a smattering of courts across the country, but none within this circuit. (ECF No. 50 at 18-19). While the DC Circuit does provide informative precedent based on its volume of FOIA cases (ECF No. 32 at 9, n.4), none of the cases cited by Plaintiff are binding on this court. The declaration from FOIA Director Pineiro explains that ICE conducted a line-by-line review to identify information that could be disclosed. (ECF No. 49-2 at ¶ 84). Following ICE's assessment that the first two productions had been in error, ICE reviewed the prior productions and "determined that 36 pages related to judgments for matters that were finalized and had been released" could be reproduced with redactions. (ECF No. 49-2 at ¶ 20). In the Supplemental Declaration, ICE stated that the remaining documents withheld in full were not segregable:

> Releasing any portion of these records, even seemingly innocuous fragments, would risk exposing details that could compromise the integrity of the investigations, jeopardize the safety of law enforcement personnel, and endanger the vulnerable individuals, including children, whom these operations aim to protect.

(ECF No. 63-1 at ¶ 20). Plaintiff has provided no information to suggest that ICE's assessment of the segregability of the documents was in bad faith. Given the presumption of good faith afforded to the agency and the nature of the child exploitation investigations, this assessment is reasonable.

18

**IV. Conclusion**

For the foregoing reasons, Defendant's motion for summary judgment will be granted.  A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge
